Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3137

JEROME T. COOK,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Steven M. Mager, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3137

JEROME T. COOK,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: October 19, 2007

_____

Before LOURIE, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Jerome T. Cook appeals a November 30, 2006 decision of the Merit Systems Protection Board ("MSPB") dismissing, for lack of jurisdiction, Cook's appeal of a pay determination by the Department of the Air Force ("Air Force"). Cook v. Dep't of the Air Force, No. DE3443060352-I-1 (Nov. 30, 2006). Because the MSPB's decision is fully supported by substantial evidence, in accordance with law, and not procedurally defective, arbitrary, or capricious, we affirm.

## I. BACKGROUND

Mr. Cook was employed as a mechanic leader, WL-10, at Schriever Air Force Base near Colorado Springs, Colorado. In 2002, enticed by a higher hourly pay rate given to workers there, Mr. Cook applied for and was selected for a transfer to Eielson Air Force Base in Alaska. As a condition of his transfer, Mr. Cook was given the option of returning to his position in Colorado after serving at least three, but no more than five, years in Alaska. Based on rules in place at the time of the transfer, agency personnel informed Mr. Cook that if he elected to return to his position in Colorado within the three-to-five year window, he would be allowed to continue receiving the higher hourly pay rate afforded the position in Alaska.

After serving three years in Alaska, Mr. Cook decided to return to his position in Colorado. In June 2005, Mr. Cook spoke with Anna Pascua, a Human Relations Specialist at Schriever Air Force Base. Ms. Pascua informed Mr. Cook that her understanding was that he would retain his higher hourly pay rate upon transferring, but that she was not responsible for setting his pay. Instead, the Air Force Personnel Center ("AFPC") would determine how his pay was set once his reassignment was processed.

Without confirming with the AFPC or other agency personnel officials that he would retain the pay rate of his position in Alaska, Mr. Cook formally requested reassignment and returned to his previous position in Colorado in March 2006. At that time, the Air Force informed him that due to changes required by Federal Workforce Flexibility Act of 2004, Public Law 108-511 (October 30, 2004), he would not be retaining the higher pay rate of his position in Alaska.

Mr. Cook filed an appeal with the MSPB alleging that he had been subject to an adverse action under 5 U.S.C. § 7512 without being afforded minimal procedural due process. Mr. Cook sought cancellation of his reassignment to Colorado and reinstatement to his position in Alaska with back pay and other related benefits.

In an initial decision dated November 30, 2006, the MSPB held that Mr. Cook had not been subjected to a "reduction in pay" as defined by government regulations and that Mr. Cook's reliance on Ms. Pascua's representation that he would retain the higher hourly pay rate afforded his position in Alaska was unreasonable. Id. The MSPB, therefore, dismissed his appeal for lack of jurisdiction. Cook v. Dep't of the Air Force, No. DE3443060352-I-1 (Nov. 30, 2006). The initial decision became the final decision on January 4, 2007. Cook v. Dep't of the Air Force, No. DE3443060352-I-1 (Jan. 4, 2007). Mr. Cook appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decision is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. The petitioner bears the burden of establishing error in the Board's decision. See, e.g., Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Whether the MSPB possesses jurisdiction to adjudicate a particular appeal is a question of law this court reviews de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373,

1376 (Fed. Cir. 2004). The petitioner, however, bears the burden of establishing the board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(I); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1333-34, 1338-39 (Fed. Cir. 2006) (en banc).

On appeal, Mr. Cook argues that the MSPB misinterpreted his appeal as an appeal of a reduction in pay. In fact, Mr. Cook states that he "is not appealing the Agency's pay-setting, nor [does he believe he is] entitled to retain the pay of the Alaska position now that he has been reassigned back to Colorado." Petr.'s Br. 12. Instead, Mr. Cook argues that his "reassignment to Colorado coupled with the unexpected and drastic reduction in his wages constitutes [an] adverse action appealable to the MSPB." Id.

Section 7512 of United States Code Title 5, however, only lists five adverse actions appealable to the MSPB: (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. Mr. Cook has not been removed from his position, suspended, had his grade reduced, or been furloughed. Accordingly, we fail to see what adverse action under § 7512 that Mr. Cook could have possibly been subjected to other than a reduction in pay. In this case, however, the reduction in Mr. Cook's pay was due to the fact that continuing to pay Mr. Cook the higher pay rate afforded his position in Alaska would have been contrary to law. Such an action is not appealable. 5 C.F.R. § 752.401(b)(15).

Nonetheless, Mr. Cook argues that his reassignment to Colorado and the accompanying reduction in pay were involuntary due to the erroneous information he

received from Ms. Pascua. According to Mr. Cook, "ignorance of the consequences of giving up one's tenured federal position to take another position with the same agency[, where that ignorance is attributable to the agency,] creates an adverse action appealable to the MSPB" under § 7512. Petr.'s Br. 17.

Mr. Cook's statement of the law, however, takes an overly broad view of § 7512. If an "adverse action" is not specified in § 7512, it is not an adverse action appealable to the MSPB. As stated above, Mr. Cook has not be removed, suspended, furloughed, or had his grade reduced, and Mr. Cook's reduction in pay was due to the fact that maintaining his previous pay rate would have been contrary to law. Accordingly, whether Mr. Cook's reassignment was involuntarily is irrelevant.

However, even assuming Mr. Cook's statement of the law is correct, the board's conclusion that it was unreasonable for Mr. Cook to rely on Ms. Pascua's erroneous representation, thus negating any involuntariness on his part, is supported by substantial evidence. Substantial evidence does not require a preponderance of the evidence. Instead, substantial evidence is that which a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion. Giove v. Dep't of Transp., 230 F.3d 1333, 1338 (Fed. Cir. 2000). Although Ms. Pascua informed Mr. Cook that her understanding was that he would retain his higher pay rate upon returning to Colorado, she explicitly told him that she was not responsible for setting his pay rate. Given the nine months that elapsed between Ms. Pascua's statement and Mr. Cook's reassignment to Colorado, the MSPB's determination that it was unreasonable for Mr. Cook to rely on Ms. Pascua's representation is supported by substantial evidence.

## III. CONCLUSION

Because the MSPB's decision is fully supported by substantial evidence, in accordance with law, and not procedurally defective, arbitrary, or capricious, we affirm.

No costs.