**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SANDRA TALLEY,<br>   Appellant,<br><br>  v.<br><br>NUCLEAR REGULATORY<br> COMMISSION,<br>   Agency. | DOCKET NUMBER<br>DC-3443-22-0447-I-1<br><br><br><br>DATE: March 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sandra Talley</u>, North Chesterfield, Virginia, pro se.

<u>Lisa Schneiderman</u>, Rockville, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Based on evidence the parties submit on review, we VACATE the initial decision, but still DISMISS the appeal for lack of jurisdiction on the grounds that the appellant's locality pay reduction was not an appealable adverse action.

## BACKGROUND

The appellant was an agency employee with a duty location of Rockville, Maryland, in the "Washington-Baltimore-Arlington, DC-MD-VA-WV-PA" locality pay area. Initial Appeal File (IAF), Tab 13 at 12, Tab 19 at 7. She had been teleworking through a temporary agency telework policy when, in March 2022, she submitted reasonable accommodation requests for, among other things, a work environment that limited her potential exposure to COVID-19. IAF, Tab 17 at 5-7, 29, 31. To support her requests, she submitted a doctor's note advising that she avoid significant time in crowded and/or poorly ventilated indoor spaces. *Id.* at 44. In response, in May 2022, the agency offered her full-time telework as an accommodation. *Id.* at 42. The appellant did not accept the offer, citing the reduction in her locality pay that would result from her working from her home in North Chesterfield, Virginia, which was in the Richmond, Virginia locality pay area. *Id.* at 39-41; IAF, Tab 12 at 4, Tab 13 at 28-29, 42-43. She instead requested an in-office work environment and schedule that would comport with an updated doctor's note. IAF, Tab 17 at 44. The agency agreed to accommodate the conditions in the note with the exception

of a 100% masking recommendation for others in her shared office space, which it deemed unreasonable when community COVID-19 levels were low or medium. *Id.* at 44-45. The agency agreed, however, to provide the appellant with a schedule that would permit her to work when fewer staff were onsite and exempt her from travel obligations. *Id.*

Before the agency effected any change to her locality pay, the appellant filed an appeal with the Board. IAF, Tab 1. In response to the administrative judge's jurisdictional order, the appellant asserted that the basis for her appeal was the agency's offer of two possible accommodations that forced her, because the in-office option was inconsistent with her doctor's note, to telework with a reduced locality pay. IAF, Tab 12 at 4. The appellant continued to telework during the agency's consideration of her accommodation request, while receiving locality pay based on the Rockville, Maryland duty location. IAF, Tab 17 at 46; Petition for Review (PFR) File, Tab 6 at 10-11.

The administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing, finding that the appellant was contesting a decrease in locality pay that had not yet occurred. IAF, Tab 21, Initial Decision (ID). The appellant filed a petition for review, followed by a supplement containing evidence that she acceded to the offer of full-time telework and that her locality pay had been reduced to the Richmond, Virginia locality rate. PFR File, Tab 1, Tab 3 at 13, 15. The agency responded with evidence confirming the appellant's placement on full-time telework, change in duty station, and reduction in locality pay. *Id.*, Tab 4 at 12-24, 26. The appellant filed a reply.[2] PFR File, Tab 6.

---

[2] We consider the evidence submitted on review which postdates the close of the record below and implicates the Board's jurisdiction, including the evidence cited in this decision, because the issue of jurisdiction can be raised at any time. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (considering new arguments raised on review because the issue of jurisdiction can be raised at any time; 5 C.F.R. § 1201.114(b). We do not, however, consider the evidence the appellant submits for the first time on review which does not postdate the close of record below because she does not show that it was unavailable before the record closed below

**ANALYSIS**

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, a reduction in pay is an appealable action. 5 U.S.C. § 7512(4).

Assuming, without deciding, that the Board's jurisdiction encompasses locality pay reductions, 5 C.F.R. § 752.401(b)(15) provides that a reduction in pay from a rate that is contrary to law or regulation is not an appealable adverse action. In *Cook v. Department of the Air Force*, 251 F. App'x 675, 677 (Fed. Cir. 2007), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) concluded that the reduction of a petitioner's locality rate based on his geographic reassignment was due to the fact that maintaining his pre-reassignment rate would have been contrary to law, and was thus not appealable.[3] In response to the petitioner's claim that his reassignment was involuntary, the Federal Circuit determined that, because his pay reduction was not appealable under 5 C.F.R. § 752.401(b)(15), whether his reassignment was involuntary was irrelevant. *Id.*

The same reasoning applies here. The agency reduced the appellant's locality pay based on the change to her official worksite under her full-time telework reasonable accommodation. PFR File, Tab 4 at 14, 26; *see* 5 C.F.R. § 531.604(b); NRC Directive Handbook 10.41, Pay Administration, § I.C.2 (June 15, 2018), https://www.nrc.gov/docs/ML1814/ML18142A858.pdf (last visited Mar. 22, 2024). To continue to pay the appellant her previous locality rate would have been contrary to law, and her pay reduction was therefore not an

despite due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); PFR File, Tab 6 at 10, 12-14, 16-17, 19, 21-23. In any event, such newly filed evidence would not establish jurisdiction over the appeal.

[3] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016).

appealable adverse action.  Whether the appellant's acceptance of the reasonable accommodation that led to the reduction was involuntary was thus irrelevant.  *See Cook*, 251 F. App'x at 677.

Accordingly, we vacate the initial decision, but still dismiss the appeal for lack of jurisdiction because the appellant's locality pay reduction was not an appealable adverse action.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.